**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

AUTOMOBILE ASSURANCE
FINANCIAL CORPORATION, a Utah
corporation; VENUTI AND
ASSOCIATES, INC., a Utah
corporation; VENUTI PARTNERS,
LTD., a Utah limited partnership;
FRANK P. VENUTI, an individual,

      Plaintiffs,

PARKER M. NIELSON,

      Appellant,

v.

SYRETT CORPORATION, a
Delaware corporation, formerly a Utah
corporation,

      Defendant-Appellee,

JOHN R. RILEY, an individual,

      Third-Party-Defendant.

No. 96-4036
(D.C. No. 90-CV-224-S)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Parker M. Nielson, counsel for plaintiffs and counterclaim defendants, appeals from an order of the district court imposing sanctions on him pursuant to Rule 11 of the Federal Rules of Civil Procedure (1983). The court based the $5,000 sanction on its conclusion that Mr. Nielson had brought and advanced claims and defenses that were not warranted by the facts or law. We affirm.

As counsel for plaintiffs and counterclaim defendants (referred to hereinafter as plaintiffs), Mr. Nielson signed and filed a complaint and two amended complaints against Syrett Corporation (Syrett) alleging that Syrett had violated federal and state securities laws and breached its contract with plaintiffs. Syrett countersued plaintiffs. On the merits, the district court denied all of plaintiffs' claims and awarded judgment against plaintiffs in Syrett's favor based on plaintiffs' fraudulent actions. Final judgment was entered on June 15, 1994.

-2-

On July 26, 1994, Syrett filed its motion for sanctions. A hearing on the motion for sanctions was held on March 31, 1995, and on October 4, 1995, the district court issued its memorandum decision ordering sanctions against Mr. Nielson. Mr. Nielson's objections to the decision were denied. Because the conduct for which Mr. Nielson was sanctioned occurred before the 1993 amendments to Rule 11, the district court applied the 1983 version of Rule 11.

Syrett has moved to dismiss the appeal on the ground that Mr. Nielson's notice of appeal was filed late, thus depriving this court of jurisdiction. Our review of the applicable dates reveals that the post-judgment motion tolled the running of the time for filing the notice of appeal, the notice was timely, and this court has jurisdiction over the appeal. See Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 6(a).

On appeal, Mr. Nielson argues that the district court was without jurisdiction to enter its sanction order. He also maintains the district court erred in: (1) failing to give him the benefit of the safe harbor provision of the 1993 rule; (2) failing to identify the conduct sanctioned; (3) imposing a continuing duty to update previously filed pleadings, not required under the 1983 rule; and (4) sanctioning him for conduct not covered by Rule 11.

Mr. Nielson claims that the district court did not have jurisdiction because the motion for sanctions was filed after final judgment on the merits. "It is well

established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). The district court had jurisdiction over the issue of Rule 11 sanctions after the underlying action was concluded. See id.; Rule 11 (1983) advisory committee's note ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ."). We also reject Mr. Nielson's laches argument and his claim that it was necessary to serve the parties to the underlying lawsuit with the motion for sanctions in order to invoke the court's Rule 11 jurisdiction over him as the attorney who had filed and tried the case, notwithstanding the fact that he was granted leave to withdraw on September 15, 1993.

Under Rule 11 (1983), the signer of a pleading certifies that he has conducted a reasonable inquiry into the factual and legal bases for the filing, and that the substance of the pleading is well grounded in fact and law. Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992). The district court applies an objective standard to determine whether a reasonable, competent attorney would have believed in the merit of the claims made. Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir. 1991). We review the district court's order imposing sanctions under Rule 11 for abuse of discretion, applying that standard to both factual issues and the conclusion that a pleading

-4-

was not warranted by existing law or a good faith argument to change the law.  Id.

The district court rejected Mr. Nielson's claim that he was entitled to the safe harbor provisions of the 1993 rule, which require the party seeking sanctions to notify the offending party and give him or her an opportunity to correct the situation before filing a motion for sanctions.  See Rule 11(c)(1)(A)(1993).  After the motion for sanctions was filed, Mr. Nielson filed a "'Safe Harbor' Election Pursuant to Rule 11(c)(1)(A)," in which he attempted to withdraw, retract and disavow any and all sanctionable claims or statements.  Mr. Nielson's attempt to avoid sanctions by a general, blanket withdrawal, filed well after the damage was done, does not entitle him to the safe harbor.

The remainder of Mr. Nielson's arguments are directed to his position that the district court did not identify any conduct that would subject him to sanctions under Rule 11.  The district court's orders clearly stated that Mr. Nielson's clients had acted fraudulently and wrongfully in their dealings with Syrett.  Mr. Nielson signed the complaint, the amended complaint, the second amended complaint, and numerous additional documents advancing his clients' claims and defenses based on their fraudulent and wrongful actions.  See Coffey, 955 F.2d at 1394 (signed supplemental pleading is "other paper" contemplated by Rule 11); Mann v. G & G Mfg., Inc., 900 F.2d 953, 961 (6th Cir. 1990) (district court did not abuse its

discretion in assessing Rule 11 sanctions where plaintiff's theories of causation were not well-grounded in fact). Accordingly, the district court did not abuse its discretion in concluding that Mr. Nielson had brought and advanced claims and defenses that a competent attorney, after reasonable inquiry, would have determined were not warranted by facts or law.

Mr. Nielson maintains that there was necessarily a sufficient factual basis to satisfy Rule 11 because the district court denied Syrett's motion for summary judgment. The summary judgment proceedings do not direct a result in the Rule 11 context. Here, the district court had ample opportunity during a lengthy bench trial to determine that plaintiffs' claims and defenses were frivolous and meritless, and further, that Mr. Nielson had failed to conduct an adequate inquiry before filing his pleadings to advance those claims and defenses. We conclude that the district court did not abuse its discretion in deciding, based on all the evidence, that Rule 11 sanctions were warranted. See Mann, 900 F.2d at 961 (affirming Rule 11 sanctions even though claims had survived summary judgment).

We have reviewed the entire district court record and we have considered Mr. Nielson's arguments in light of the record. We find no abuse of discretion in the district court's decision to impose sanctions against Mr. Nielson.

The judgment of the United States District Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge